Dear Councilman Jackson:
On behalf of the Shreveport City Council and the Shreveport Convention Center Hotel Authority ("Authority") you have requested the opinion of this office on the applicability of the Public Bid Law (R.S. 38:2211-2293) to the construction of a hotel which will compliment the new Shreveport Convention Center. The construction of the hotel will be paid for by a combination of bonds issued by the Authority and $12,000,000 in state-appropriated capital outlay funds. Should the bonds and capital outlay funds be insufficient to cover the total costs of the hotel construction then the City of Shreveport ("City") will pay any balance. Your request states that the Authority was duly created and established pursuant to the Louisiana Public Trust Act (R.S. 2341-2347) and is exempt from the provisions of the Public Bid Law (R.S.9:2343(E)(1)). You request our opinion on whether the use of capital outlay funds in the overall construction of the hotel requires the Authority to bid the project in accordance with the Public Bid Law. If the answer is yes, you ask whether the hotel can be constructed in phases so any phase of the project using Authority funds would be exempt from the Public Bid Law. Submitted in connection with this request was a copy of the following:
 1. Copy of the Cooperative Endeavor Agreement between the State of Louisiana and the City of Shreveport and the Shreveport Convention Center Hotel Authority;
2. Amendment to the Cooperative Endeavor Agreement;
3. Convention Center Complex drawing and plans;
Act No. 23 of the 2002 Regular Session of the Louisiana Legislature constitutes the Capital Outlay Act and provides with respect to the State's capital outlay budget and program for the fiscal year 2002-2003. It contains an appropriation to the City of Shreveport for the "Convention Center Complex and Other Ancillary Facilities, Including Uses". Non-cash lines of credit totaling $12,000,000 were granted for the Project by the State Bond Commission. These lines of credit were reauthorized pursuant to the Capital Outlay Act for 2003-2004 and 2004-2005. In addition to the $12 million dollars of state-appropriated funds, public trust funds totaling $40,000,000 will be expended solely for the construction of a hotel facility which will be adjacent to the Convention Center.
Section 2 of Act 2 of the 2004 Capital Outlay Act provides, in pertinent part, the following:
 "Section 2. The expenditure of funds appropriated in this Act shall be in conformity to all existing statutes relative to public bidding, contractual review, and R.S. 39:101
through 128 and any other statutes affecting the capital outlay program for state government, state institutions, and political entities." (Emphasis added.)
Section 8 further provides, in pertinent part, the following:
 "Section 8. Contracts for projects funded through this appropriation shall be awarded utilizing the public bid and contractual review process set forth in Chapter 10 of Title 38 and Chapter 16 of Title 39 of the Louisiana Revised Statutes of 1950 . . . " (Emphasis added.)
Similar language mandating compliance with the Public Bid Law was contained in the 2002 and 2003 Capital Outlay Act.
Pursuant to Act 23 of the 2002 Regular Session a Cooperative Endeavor Agreement was executed by the State of Louisiana on January 6, 2003, and by the City of Shreveport and the Shreveport Convention Center Hotel Authority on December 23, 2002. The cooperative endeavor agreement is identified as "The City of Shreveport and Shreveport Convention Center Hotel Authority: Convention Center Complex and Other Ancillary Facilities, Including Uses, ($85,000,000 Local Funds) Facility Planning 
Control Project No. 50-MR1- 01B-04, (Caddo).
The Cooperative Endeavor Agreement relates solely to the construction of the hotel facility and will be paid for by a combination of State capital outlay funds appropriated to the City and proceeds from the sale of bonds issued by the Convention Center Hotel Authority. Exhibit A attached to the Agreement reflects the $12,000,000 of state-appropriated capital outlay funds to be used in the construction of the hotel facility.
Article VI of the Cooperative Endeavor Agreement entitled "Public Bid Laws" states as follows:
 "The entity will solicit bids for the services, labor and materials needed to construct said project in accordance with the public bid laws of the State, including, but not limited to R.S. 38:2211, et seq., applicable to political subdivisions of the State. The Entity will also keep a procurement file relative to the necessary acquisition of services, labor and materials needed to complete said Project which will be subject to review by the State at any time."
The agreement, signed by all parties, clearly obligates compliance by all parties with the public bid law in the use and expenditure of the capital outlay funds appropriated by the state for this project. The Agreement also provides that project will be jointly owned by the City and the Authority.
Our office is of the opinion that the Public Bid Law is applicable to public work contracts let by public entities even where only part of the funds required for the project are state-appropriated. As such the entire hotel construction project must be bid in accordance with the Louisiana Public Bid Law. The fact that the Bid Law requirement is contained in a Capital Outlay Act and in the executed cooperative endeavor agreement signed by both the City of Shreveport and the Hotel Authority is controlling.
The second question you ask is whether the project can be separated into phases or stages so that the Authority funds could be applied in such a way as to not require compliance with the Public Bid Law. Although R.S. 9:2343(E)(1) provides that the Public Bid Law does not apply to projects or facilities of any public trust for the provision of industrial, manufacturing, and other economic development facilities and activities, such an exemption would related only to a project being solely constructed with public trust funds and as to a project partially funded with state-appropriated capital outlay funds and administered by the Office of Facility Planning and Control.
The office of Facility Planning and Control is responsible for the administration of capital outlay projects which includes project inspections and payments of capital outlay funds. R.S. 39:121-128. Final payment is made only upon approval of FPC and upon a finding that the plans, specifications, contract, or change orders have been fully complied with. In order to discharge its statutory duties the office of facility planning and control must be able to clearly identify and inspect a project for which the capital outlay funds are being used.
Based on information submitted in connection with this project the funds to be expended, both capital outlay funds and public trust authority funds, will be used entirely for the construction of a single hotel facility which is part of the Convention Center Complex. As such the project would not be susceptible of separate and distinct phases of construction. It is therefore the opinion of this office that the entire hotel construction project described in the executed cooperative endeavor agreement must be let out for bid in accordance with the Public Bid Law.
In summary, it is the opinion of this office that pursuant to the Capital Outlay Act and the executed cooperative endeavor agreement the City of Shreveport and the Shreveport Convention Center Hotel Authority are required to comply with the Public Bid Law in the expenditure of funds appropriated pursuant to Act 23 for of the construction of the Shreveport Convention Center Complex Project.
We trust that this answers your inquiry.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 RICHARD L. MCGIMSEY Assistant Attorney General
CCF, Jr/RLM/dam